UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MARGARET IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-355 |
| | ) | |
| UNIVERSAL HEALTH SERVICES, INC. d/b/a COASTAL HARBOR TREATMENT CENTER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Universal Health Services, Inc. moves to stay discovery and all pre-trial deadlines pending a ruling on its Motion to Dismiss, doc. 14. Doc. 18. Defendant represents that Plaintiff consents to the stay. *Id.* at 1.

The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). At this stage, the parties have yet to conduct discovery. *See generally* docket (parties have not filed a Rule 26(f) Report). When "deciding whether to stay discovery pending

resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotations omitted).  In evaluating stays of discovery pending resolutions of dispositive motions, the Court must take a "preliminary peek" at the dispositive motion and assess the likelihood that the motion will be granted. *Sams v. GA W. Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016) (internal quotations omitted). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Id.* (internal quotations and citation omitted).

Defendant argues that its Motion to Dismiss "raises serious threshold arguments against the propriety of this lawsuit proceeding at all, and if it is granted, it will entirely dispose of the case." Doc. 18 at 2; *see also* doc. 14 (seeking to dismiss for lack of personal jurisdiction, failure to state a claim, and insufficient service).  Upon a preliminary review, Defendant's Motion to Dismiss does not appear meritless. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga.

Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss was not "meritless on its face"). It would also be case dispositive if granted. *See generally* doc. 14. Given Plaintiff's consent to the stay, *see* doc. 18 at 1, it appears that Plaintiff would not be prejudiced by a stay. On balance, then, a stay is appropriate.

For these reasons, the Court **GRANTS** Defendant's Motion to Stay. Doc. 18. All discovery and discovery-related deadlines are **STAYED** pending disposition of Defendant's Motion to Dismiss. Doc. 14. If the case remains pending after the disposition of Defendant's motion to dismiss, the parties are **DIRECTED** to confer and submit a Rule 26(f) Report no later than 14 days from the District Judge's ruling.

**SO ORDERED**, this 10th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA