IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARGARET IVEY,

            Plaintiff,

     v.

UNIVERSAL HEALTH SERVICES, INC.
d/b/a COASTAL HARBOR TREATMENT
CENTER,

            Defendant.

CIVIL ACTION NO.: 4:23-cv-355

## O R D E R

Plaintiff Margaret Ivey brought this employment action alleging that she suffered racial

discrimination and retaliation while employed at Coastal Harbor Treatment Center ("Coastal

Harbor"). (Doc. 1.) Presently before the Court is Defendant Universal Health Services, Inc.'s

("UHSI") Motion to Dismiss, arguing that the Court does not have personal jurisdiction over

UHSI, that UHSI is not a properly named party to this suit, and that UHSI was improperly served.

(Doc. 14.) Plaintiff filed a Response in opposition, in which she moves to amend her complaint

to add UHS of Savannah, LLC ("UHS Savannah") as defendant. (Doc. 16.)[1] UHSI filed a Reply

opposing Plaintiff's motion. (Doc. 17.) As explained below, the Court **GRANTS** UHSI's Motion

---

[1] Plaintiff initially moved to amend the Complaint in her Response to UHSI's Motion to Dismiss, (doc. 16, pp. 4–6), but has since filed a stand-alone Motion to Amend on the Docket, (doc. 22), to which she has attached her Proposed Amended Complaint, (doc. 22-2). Plaintiff's Motion to Amend simply reiterates the argument made in her Response—that she should be permitted to amend the Complaint under Federal Rule of Civil Procedure 15 to substitute UHS Savannah as defendant. (Compare doc. 16, pp. 4–6 and doc. 22.) Accordingly, even though UHSI has not yet replied to Plaintiff's stand-alone motion, because UHSI addressed Plaintiff's request to amend in its Reply, (doc. 17), the Court sees fit to rule on Plaintiff's recently filed motion at this time.

to Dismiss.  (Doc. 14.)  The Court also **GRANTS** Plaintiff's Motion to Amend, (doc. 22; <u>see also</u> doc. 16, pp. 4–6), and **DIRECTS** the Clerk of Court to enter Plaintiff's Proposed Amended Complaint, (doc. 22-2), on the docket as Plaintiff's Amended Complaint.

## BACKGROUND

### I.     Factual Background

Plaintiff brought this action alleging that she suffered racial discrimination and retaliation while employed as an outpatient therapist for Coastal Harbor.  (Doc. 1.)  The Complaint identifies as Defendant "Universal Health Services, Inc. d/b/a Coastal Harbor Treatment Center."  (<u>Id.</u> at p. 1.)  The Complaint alleges that "Defendant is an employer, [and] is a qualified and licensed organization in Georgia that is entitled to do business in Georgia," and that "Plaintiff was an employee of Defendant."  (<u>Id.</u> at p. 2.)  UHSI is the only defendant named in this action.  (<u>See generally id.</u>)  The Complaint alleges that UHSI's CEO is Sneha Patel, and that it can be served through her at 1150 Cornell Street, Savannah, Georgia 31406.  (<u>Id.</u> at p. 3.)  The Complaint does not allege where UHSI is incorporated or where it has its principal place of business.  (<u>See generally id.</u>)

UHSI is a Delaware corporation with its principal place of business in King of Prussia, Pennsylvania.  (Doc. 15, p. 2.)  UHSI is not registered to do business in Georgia, does not have an appointed agent in Georgia, and does not maintain an office or mailing address in Georgia.  (<u>Id.</u>)  UHSI also does not conduct business as Coastal Harbor.  (<u>Id.</u> at p. 3.)  UHS Savannah is an indirect subsidiary of UHSI; it is wholly owned by UHS of Georgia Holdings, Inc., which is in turn wholly owned by UHSI.  (<u>Id.</u>)  UHSI does not employ any of UHS Savannah's corporate officers, directors, or executives.  (<u>Id.</u>)  UHS Savannah does business as Coastal Harbor, which is located at 1150 Cornell Street, Savannah, Georgia 31406—the address identified in the Complaint.  (Doc.

15, p. 2; see doc. 1, p. 3.)  Coastal Harbor Treatment Center is a registered trade name for UHS Savannah.  (Doc. 15, p. 2; see doc. 15-1.)

## II.    Procedural History

Plaintiff's employment at Coastal Harbor was terminated on December 21, 2022.  (Doc. 1, p. 5.)  Plaintiff then filed a charge with the Equal Employment Opportunity Office ("EEOC"), and on April 25, 2023, Jessica Hill responded in an employer position statement ("Position Statement").  (Doc. 16-3.)   The Position Statement was submitted with a "UHS" logo and "Universal Health Services, Inc." written at the top of each page.  (See id.)  Hill's email address is listed as "Jessica.Hill@uhsinc.com," and she identified herself as counsel for Coastal Harbor.  (Id. at p. 1.)  The Position Statement makes no mention of UHS Savanah.  (See generally id.)  Plaintiff's email correspondence with her human resources director also shows the director's email domain as "@uhsinc.com."  (Doc. 16-4.)   The EEOC issued Plaintiff a "Determination and Notice of Rights" on September 20, 2023.  (Doc. 1-1.)  According to the face of the document, a copy was also sent to "Jessica Hill[,] United Health Services, Inc." at "1000 Health Park Dr., Ste. 400 Brentwood, TN 37027."[2]  (Id. at p. 12.)

Plaintiff sued UHSI on December 19, 2023, alleging two counts of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981, and one count of retaliation under Title VII.  (See generally doc. 1.)  On March 4, 2024, counsel for UHSI and for UHS Savannah emailed Plaintiff's counsel regarding the lawsuit. (Doc. 16-2.)  In the email, UHSI's counsel notified Plaintiff that UHSI did not do business as Coastal Harbor, that UHS Savannah was Plaintiff's "actual former employer," and that "Coastal

---

[2]  Plaintiff acknowledges that the EEOC "misidentifie[d] Universal Health Services, Inc. as United Health Services, Inc." but contends "it is clear [that the] EEOC meant to identify Universal Health Services, Inc." (Doc. 16, p. 2 n.1.)

Harbor . . . is a registered trade name of [UHS Savannah]." (Id. at p. 2.)  The email highlighted UHSI's counsel's "understanding that service ha[d] not been perfected." (Id.)  Finally, the email stated that Plaintiff had signed an arbitration agreement to resolve disputes with Coastal Harbor and asked Plaintiff's counsel to dismiss the complaint to pursue Plaintiff's claims through arbitration.  (Id.)

> Plaintiff's counsel responded to defense counsel's email stating,
>
> Typically in my experience, the federal courts would stay the civil proceedings and confirm the arbitration award upon its completion.  However, we are willing to dismiss the federal suit without prejudice if you would waive any objections to the timing of commencement of arbitration relating to the 90-day deadline from the EEOC notice of right to sue.

(Doc. 16-5, p. 2.)  Plaintiff's email did not mention service of process.  (See id.)  Service was not perfected until April 4, 2024.  (Doc. 13.)  The Complaint and summons were served on "Coastal Harbor Treatment Center–Sheena Patel as the Assistant Director of Finance, Coastal Harbor Treatment Center: 1150 Cornell Street, Savannah, Georgia 31406." (Id.; doc. 15, p. 2.)  Sheena Patel is not an officer, agent, or employee of UHSI.  (Doc. 15, p. 2.)

## DISCUSSION

### I.     UHSI's Motion to Dismiss

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of establishing a prima facie case of jurisdiction.  Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009); Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006).  "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted).

In evaluating a plaintiff's case, the district court must accept as true the allegations in the complaint.  Stubbs, 447 F.3d at 1360 (citations omitted).  When the defendant contests the

allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Id.  When the plaintiff's complaint and supporting affidavits and defendant's affidavits conflict, the court must "construe all reasonable inferences in favor of the plaintiff."  Id.

For a defendant to be subject to personal jurisdiction, "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting United Techs. Corp v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).  The Georgia Long Arm Statute permits the exercise of jurisdiction over a nonresident who, personally or through an agent, (1) transacts business within Georgia; (2) commits a tortious act or omission within Georgia; or (3) commits a tortious injury in Georgia caused by an act or omission outside Georgia if the nonresident regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from services rendered in Georgia.  O.C.G.A. § 9-10-91(1)–(3).  Put simply, a non-resident defendant is subject to jurisdiction only if its contact with Georgia gives rise to the plaintiffs' claim.  Id. Likewise, under the Due Process Clause, "states may exercise jurisdiction over only those who have established certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Diamond Crystal Brands, 593 F.3d at 1267 (internal quotation omitted).

UHSI contends that the Court does not have personal jurisdiction under either the Georgia Long Arm Statute or the Due Process Clause because UHSI has no relevant contacts with the state of Georgia.  (Doc. 14, pp. 2–5.)  In support, UHSI submitted an affidavit detailing that it is a

Delaware corporation with its principal place of business in Pennsylvania, that it does not operate in Georgia, that it does not have a registered agent or mailing address in Georgia, and, importantly, that it does not conduct business as Coastal Harbor.  (See doc. 15, pp. 2–3.)  Because UHSI has contested jurisdiction through the affidavit establishing it does not have requisite contacts to be subject to the state of Georgia's jurisdiction, the burden shifts back to Plaintiff to establish personal jurisdiction.  Stubbs, 447 F.3d at 1360.

Plaintiff has done nothing, through allegations in the Complaint or by rebutting UHSI's submitted affidavit, to establish that UHSI is subject to personal jurisdiction in Georgia.  Indeed, Plaintiff appears to concede that UHSI is not actually her employer, and admits that, instead, UHS Savannah should be named as Defendant.[3]  (See doc. 16.)  Accordingly, the Court lacks personal jurisdiction over UHSI, and UHSI's motion to dismiss is **GRANTED**.[4]  (Doc. 14.)

---

[3]  UHSI also moves for summary judgment under Rule 12(b)(6), arguing that Plaintiff cannot state a claim against it because it has no employment relationship with her.  (Doc. 14, pp. 5–6.)  Because the Court has already found that it does not have personal jurisdiction over UHSI, and because Plaintiff appears to concede that UHS Savannah and not UHSI is the correct party to this action, the Court need not address UHSI's argument on this point.

[4]  UHSI also moves to dismiss because it was not properly served under the parameters of Federal Rule of Civil Procedure Rule 4(m), and because Plaintiff has not shown good cause for this failure.  (Doc. 14, pp. 6–7; doc. 17, pp. 4–5.)  Under Rule 4(m), Plaintiff needed to perfect service by March 18, 2024, yet she did not serve the summons and Complaint until April 4, 2023 (and, even then, she did not serve an agent of UHSI).  Plaintiff acknowledges this error but argues the Court can exercise its discretion under Rule 4(m) to extend the time for service. (Doc. 16, pp. 4–6.)  Under Rule 4(m), if a plaintiff does not serve a defendant within ninety days, a court has the discretion to either (1) dismiss the complaint; or (2) order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  A court is only required to extend the time for service if a plaintiff makes a showing of good cause.  Id.  In other words, Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).  Given this discretion, the Court does not see fit to grant UHSI's Motion on Rule 4(m) grounds.  However, because the Court grants UHSI's Motion on other grounds, and because the Court grants Plaintiff's motion to amend, see Discussion Section II, infra, Plaintiff's request for an extension of time under Rule 4(m) is denied as moot.  Rule 4(m)'s service requirements will apply to Plaintiff's Amended Complaint adding UHS Savannah as Defendant, which is being filed on the docket today.

## II.      Plaintiff's Motion to Amend and Request for Extension of Time

In conceding that UHSI was incorrectly identified as the entity conducting business as Coastal Harbor and acknowledging that she failed to timely perfect service, Plaintiff moves to amend the Complaint under Rule 15 to add UHS Savannah as Defendant, as the parties agree it conducts business as Coastal Harbor and is Plaintiff's proper employer.  (Doc. 16, pp. 4–6; doc. 22.)

Under Rule 15, a plaintiff has twenty-one days to freely amend her complaint after filing suit.  Fed. R. Civ. P. 15(a)(1)(A).  After that period, she may amend her pleading "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Additionally, when a plaintiff seeks to amend a complaint to change the party against whom a claim is asserted after the statute of limitations has expired, she must comport with the requirements of Rule 15(c) and show that the proposed amendment relates back to her original filing.  Fed. R. Civ. P. 15(c)(1)(C).  Because the statute of limitations has already passed on Plaintiff's claim,[5] she must show that her proposed amendment relates back to the date of her Complaint.  See Tolston v. City of Atlanta, No. 1:20-CV-4221-SEG, 2024 WL 1533609, at *8–9 (N.D. Ga. Mar. 14, 2024).

Rule 15(c) requires a plaintiff to show three things.  First, the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B), (C).  Second, "within the period provided by Rule 4(m) for serving the summons and complaint," the newly named defendant must have "received such notice of the action that it will not be prejudiced in

---

[5]  Plaintiff had ninety days from receipt of the Determination and Notice of Rights to file her complaint in this Court.  See Gant v. Jefferson Energy Co-op., 348 F. App'x 433, 434 (11th Cir. 2009); (doc. 16-1, p. 2).

defending on the merits."[6]  Fed. R. Civ. P. 15(c)(1)(C)(i).  Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).  It is Plaintiff's burden to show satisfaction of Rule 15(c). See In re Engle Cases, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014) ("The party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it."); McLaughlin v. SLD Atlanta W., LLC, No. 1:17-CV-1265-CC, 2017 WL 9882669, at *3 (N.D. Ga. Nov. 1, 2017) (requiring evidentiary support on plaintiff's motion to amend under Rule 15(c)(1)(C)).

Plaintiff's proposed amendment seeks only to "correctly identify the defendant employer as [UHS Savannah]." (Doc. 16, p. 4.)  Turning first to whether the claims against UHS Savannah arise out of the same "conduct transaction, or occurrence" as the original claims against UHSI, they clearly do.  Indeed, it appears nothing about the underlying substance of Plaintiff's claims would change as she simply contends that she misidentified the precise entity that employed her. As to whether UHS Savannah received notice of the action and knew that the misidentification was a mistake within the Rule 4(m) period, the Court also finds these elements satisfied.  Plaintiff filed her complaint in this Court on December 19, 2023.  (See doc. 1.)  Under Rule 4(m)'s requirement, service must be perfected within ninety days of filing the complaint, and Plaintiff thus had until March 18, 2024, to perfect service.  As outlined below, UHS Savannah had notice of the lawsuit and of Plaintiff's mistake within that period.

On March 4, 2024, counsel for both UHSI and UHS Savannah contacted Plaintiff via email and wrote, "We are aware of the complaint filed on behalf of [Plaintiff]."  (Doc. 16-2, p. 2.)

---

[6]  Rule 4(m) requires that service be perfected within ninety (90) days of filing the complaint.  Fed. R. Civ. P. 4(m).

Counsel further informed Plaintiff of an arbitration agreement she signed (presumably with her employer UHS Savannah) and asked her to dismiss her complaint and instead resolve her claims through arbitration.  (Id.)  The email shows that UHS Savannah, through counsel, was aware of Plaintiff's lawsuit.  The email likewise reflects that UHS Savannah knew that the lawsuit was meant to be brought against it and not UHSI, as reflected through counsel's reference to UHS Savannah as "[Plaintiff's] actual former employer," and as well as the statements informing Plaintiff that UHSI "does not do business as Coastal Harbor" and that "Coastal Harbor is a registered trade name of [UHS Savannah]."  (Doc. 16-2, p. 2.)

The surrounding circumstances identified by Plaintiff highlight that UHS Savannah at least should have known about Plaintiff's mistake.  While UHS Savannah submitted the Position Statement to the EEO, it was submitted with "UHSI" written at the top of each page, and a courtesy copy of the Determination and Notice of Rights was sent to UHSI.  Both UHSI and UHS Savannah's corporate counsel have the email addresses using the email domain "@uhsi.com" as does Plaintiff's human resources representative at Coastal Harbor.  Taken together, all the overlap and the confusion resulting from the similarities in the names of UHSI and UHS Savannah should have put UHS Savannah on notice that Plaintiff's filing against UHSI was pure error and that Plaintiff intended to sue the entity that had employed her.  See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 556 (2010) (similarity of names of related corporate entities should "heighten the expectation" that a mistake has occurred when one entity is named in a complaint that describes the activities of the other); see also Morel v. DaimlerChrysler AG, 565 F.3d 20, 27 (1st Cir. 2009) (clear mistake in identity where plaintiff identified a related and similarly-named corporate entity as defendant by relying on the corporate website which did not clearly distinguish between the two).

Finally, UHS Savannah participated in the EEOC proceedings, indicating that it understood the facts and ongoing conflict, and it is clear from the face of the Complaint that Plaintiff seeks to hold the entity doing business as Coastal Harbor liable for the same alleged wrongdoing that prompted her EEOC charge. Krupski, 560 U.S. at 555 (face of complaint made clear plaintiff's misunderstanding of which company was responsible for the ship on which she worked).

Accordingly, because Plaintiff has shown that naming UHSI was a mistake of which UHS Savannah knew or should have known, and because UHS Savannah received notice of the lawsuit within the period set forth under Rule 4(m), Rule 15(c) allows Plaintiff to amend the Complaint and relate back to the date of her initial filing. Plaintiff's Motion to Amend is thus **GRANTED**.[7]

As previously noted, while Plaintiff's initial request for leave to file an amended complaint remained pending, Plaintiff filed a stand-alone Motion to Amend, to which she attached her Proposed Amended Complaint. (See docs. 22, 22-2; see also doc. 16, pp. 4–6.) The Proposed Amended Complaint appears consistent with the amendment requested by Plaintiff in her Response in that it simply replaces UHSI with UHS Savannah as Defendant. Because the Amended Complaint conforms to the Court's determination that it is appropriate to substitute the mistakenly named UHSI with UHS Savannah as Defendant (and it does not attempt to make any other types of changes or additions), the Clerk is thereby **DIRECTED** to enter Plaintiff's Proposed Amended Complaint on the docket as Plaintiff's Amended Complaint. (Doc. 22-2.)

---

[7] UHSI argues that Plaintiff should not be allowed to amend her Complaint because she has not shown "good cause" for doing so. (Doc. 17, pp. 2–4.) UHSI cites cases applying this good cause standard as a condition precedent for allowing a Plaintiff to amend a complaint after the court has issued a scheduling order. Indeed, this language of "good cause" cited by UHSI derives from Rule 16, which delineates grounds for amending a scheduling order. Fed. R. Civ. P. 16. UHSI has provided no authority requiring good cause to amend before a scheduling order has been entered or on a Motion to Amend under 15(c), and none of the authority cited by the Court concerning amendments under Rule 15(c) applies a good cause standard. Accordingly, the Court declines to apply a good cause standard. Even if a good cause standard applied, Plaintiff has met it.

## CONCLUSION

The parties agree that UHSI is an improper party to this case and that Plaintiff intended to sue UHS Savannah, the entity who conducts business as Costal Harbor.  Plaintiff's error in naming the defendant was a mistake based on correspondence with the EEOC, and that UHS Savannah was aware of both the lawsuit and Plaintiff's mistaken identification within the period provided under Rule 4(m).  Accordingly, the Court **GRANTS** Defendant UHSI's Motion to Dismiss, (doc. 14), and **GRANTS** Plaintiff's Motion to Amend the Complaint to substitute UHS Savannah as defendant, (doc. 22).  In doing so, the Court **DIRECTS** the Clerk to enter Plaintiff's Proposed Amended Complaint as Plaintiff's Amended Complaint.  (Doc. 22-2.)

**SO ORDERED**, this 23rd day of August, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA