## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MARGARET IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV423-355 |
| | ) | |
| UHS OF SAVANNAH, LLC, | ) | |
| d/b/a Coastal Harbor Treatment | ) | |
| Center, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

The Court previously stayed this case pending Plaintiff's submission of her claims to arbitration. Doc. 32. That Order directed Plaintiff to file a status report by November 20, 2025, "regarding the state of the arbitration proceedings." *Id.* at 2. She did not comply. *See generally* docket. Therefore, the Court directed Plaintiff to show cause why her case should not be dismissed. Doc. 33. The time for compliance with that Order has expired and Plaintiff has not responded.

The Federal Rules provide that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," an action may be dismissed. Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action

under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order." *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006). This Court's Local Rules authorize dismissal for "[w]illful disobedience or neglect of any order of the Court." S.D. Ga. L. Civ. R. 41.1(b). "The district court's power to dismiss is an inherent aspect of its authority to enforce its orders," *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) (internal quotes and cites omitted), and "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989.). Plaintiff's failure to comply with two Orders, therefore, justifies dismissal.

Accordingly, Ivey's Amended Complaint, doc. 24, should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 31st day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA